Dear Mr. Pruitt:
You requested the opinion of this office as to whether political subdivisions of the State of Louisiana, that are not budgetary agencies and operate on self-generated revenues, may legally purchase Certificates of Deposits from an investment firm such as Merrill, Lynch, Pierce, Fenner, and Smith, Inc. Also, you asked whether Repurchase Agreements would be acceptable as collateral on Certificates in excess of $100,000.
R.S. 33:2955(A) (1) provides in pertinent part:
A. (1) All municipalities, parishes, school boards, and any other political subdivisions of the state are hereby authorized and directed to invest such monies in any general fund or special fund of the political subdivision, and any other funds under the control of the political subdivision which they, in their discretion, may determine to be available for investment in any of the following obligations:
* * *
(d) Time certificates of deposit of state banks organized under the laws of Louisiana, or national banks having their principal offices in the state of Louisiana, savings accounts or shares of savings and loan associations and savings banks, as defined by R.S. 6:703(15) and (16), or share accounts and share certificate accounts of federally or state chartered credit unions issuing time certificates of deposit. For those funds made available for investment in time certificates of deposit, the rate of interest paid by the banks shall be established by contract between the bank and the political subdivision; however, the interest rate at the time of investment shall be a rate not less than fifty basis points below the prevailing market interest rate on direct obligations of the United States Treasury with a similar length of maturity.
It is the opinion of this office that R.S. 33:2955(A) (1) does not differentiate among political subdivisions and requires that political subdivisions invest according to the statute. R.S. 33:2955(A)(1)(d) allows investments into time certificates of deposit of state banks organized under the laws of Louisiana, or national banks having their principal offices in the State of Louisiana. Consequently, investment into time certificates of deposit issued by any institution other than those specifically listed by would be prohibited. See also, Louisiana Attorney General Opinion Number 89-158, a copy of which is enclosed for your convenience.
Your second question asks whether Repurchase Agreements would be acceptable as collateral on Certificate of Deposits in excess of $100,000.
According to Louisiana Attorney General Opinion Number 77-36, public port authorities are not state agencies, but are "political subdivisions of the state within the local governmental framework under provisions of the 1974 Constitution, Article VI, Sections 43, 44 and the various acts of the legislature creating such commissions and districts." (See also R.S.39:991.2 which classifies all port commissions as municipal corporations or municipalities for the purposes of issuing revenue bonds). Thus, The Greater Baton Rouge Port Commission is a "local depositing authority" as defined by R.S. 39:1211.
R.S. 39:1225 dictates that the amount of security required by the local depositing authority "shall at all times be equal to one hundred per cent of the amount on deposit to the credit of each depositing authority except that portion of the deposits insured by any governmental agency insuring bank deposits which is organized under the laws of the United States."
R.S. 39:1221 mandates the security required by local depositing authorities. R.S. 39:1221 provides:
Local depositing authorities shall require as security for deposits:
(1) Bonds or other interest-bearing securities of the United States, or any agency thereof, including but not limited to the Federal National Mortgage Association, or bonds or other interest-bearing obligations guaranteed fully or partially as to principal and interest by the United States, or by any agency thereof; or bonds of any possession of the United States; or unmatured bonds of this state, including both direct and indirect obligations and also, including bonds or other interest-bearing obligations, whether supported by revenue or by the avails of taxes, of the State of Louisiana or of any agency, board, commission, department or division thereof or of any agency, public corporation or authority created by or recognized by the State of Louisiana; or unmatured bonds of any parish, municipality, levee board, road district, school board or school district of this state; or bonds of any parish, municipality, industrial district or industrial board which are secured by a lease executed in accordance with the provisions of Article XIV, Section 14, Paragraphs b.2 or b.3 of the Constitution of the State of Louisiana for the year 1921 or R.S. 39:1001 et seq. or R.S. 51:1151 et seq., as amended, and partially or fully guaranteed by the Louisiana Board of Commerce and Industry in accordance with the provisions of the Bond Lease Guarantee Act of the regular session of the Louisiana Legislature of 1968.
(2) Certificates of indebtedness, including paving certificates, of any subdivision of this state referred to in Sub-section (1) of this Section.
(3) Promissory notes either of the authority letting the deposits or of any other authority referred to in Sub-section (1) of this Section, which notes must be either unmatured or payable on demand.
(4) Evidence of participation in such promissory notes issued by any bank, trust company, or recognized bank clearing house association domiciled in this state.
Notes representing loans to students which are guaranteed by the Louisiana Higher Education Assistance Commission in accordance with a contract agreement between the lender and the commission under the provisions of R.S. 17:3021 et seq.
R.S. 39:1221 does not provide for the use of repurchase agreements as security for deposits of local depositing authorities. Therefor, it is the opinion of this office that repurchase agreements would be unacceptable as security for Certificates of Deposit in excess of that portion of the deposit insured by any governmental agency insuring bank deposits which is organized under the laws of the United States.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ELIZABETH K. HARRIS Assistant Attorney General
EKH:jv 2272s